IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1460-M-BM

| | |
|---|---|
| SN PROPERTIES OF LUMBERTON, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| PARKTON MHC LLC, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the motion by defendant Parkton MHC LLC ("defendant") to dismiss [DE-14] the complaint [DE-1-2] of plaintiff SN Properties of Lumberton, LLC ("plaintiff"). Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE-14] at 1. This case is also before the court on plaintiff's motion for leave to amend complaint ("motion to amend") [DE-21]. The time for filing responsive briefs has expired and the pending motions are ripe for adjudication. The motions were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1).

For the reasons set forth below, the undersigned RECOMMENDS that defendant's motion to dismiss [DE-14] be GRANTED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART. Additionally, for the reasons set forth below, the undersigned RECOMMENDS that plaintiff's motion for leave to amend complaint [DE-21] be GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND AND CLAIMS

This case arises out of contractual and other disputes surrounding the sale by plaintiff and purchase by defendant of certain real property in Robeson County (the "real estate transaction"), including (1) the circumstances surrounding and disposition of certain funds that were put into

escrow pursuant to the real estate transaction; (2) certain rent payments that were allegedly still owed to plaintiff; (3) compensation for management of the properties pursuant to a separate agreement; and (4) alleged misrepresentations of identity by defendant in certain state court proceedings.

## A. Procedural Background

On October 18, 2023, defendant initiated this action by filing a notice of removal [DE-1] from North Carolina superior court in Robeson County of a complaint by the plaintiff against defendant (the "original complaint"). The original complaint alleged claims for: (1) breach of contract; (2) unjust enrichment (in the alternative); (3) conversion; (4) unfair and deceptive trade practices; (5) declaratory judgment; and (6) injunction (the "original claims"). [DE-1-2] at 4-9.

On November 8, 2023, defendant filed the instant motion to dismiss seeking to dismiss all of the claims in plaintiff's original complaint. *See* [DE-14]. Defendant filed a memorandum in support of the motion to dismiss. [DE-15]. Plaintiff responded in opposition [DE-18], and defendant filed a reply [DE-19].

On February 1, 2024, plaintiff filed the instant motion to amend [DE-21] the original complaint, including. Plaintiff also filed a memorandum in support of the motion [DE-22], as well as a proposed amended complaint with exhibits [DE-21-1] and a proposed amended complaint with tracked changes [DE-21-2].[1] Defendant filed a response in opposition [DE-25] to plaintiff's motion for leave to amend complaint ("response in opposition to motion to amend").

The proposed amended complaint seeks to: (i) remove the conversion claim alleged in the

---

[1] At the direction of the court, plaintiff subsequently filed a supplemental statement [DE-24] providing defendant's position on the motion to amend, that being that defendant opposed the amended complaint in part. [DE-24] at 1. This is discussed with specificity below.

2

original complaint (*see generally* [DE-21-1]); (ii) add a state law claim for breach of the implied covenant of good faith and fair dealing (*id.* at 11-12); (iii) add a state law claim for recovery of attorneys' fees pursuant to, *inter alia*, N.C. Gen. Stat. § 6-21.2 (*id.* at 12-13); (iv) recharacterize the original injunction claim as a claim of misappropriation and seek a temporary and permanent injunction (*id.* at 14-15); and (v) otherwise provide additional factual allegations to clarify the remaining original claims.

On February 22, 2024, defendant filed a response in opposition to motion to amend [DE-25], specifically opposing plaintiff's claims for (1) unjust enrichment, (2) recovery of attorneys' fees, (3) unfair and deceptive trade practices, (4) declaratory judgment, and (5) misappropriation (and injunction). Defendant provides, however, that it does not oppose the motion to amend with regard to plaintiff's claims of breach of contract, and breach of implied covenant of good faith and fair dealing, as well plaintiff's removal of its conversion claim. [DE-25] at 1.

Plaintiff's proposed amended complaint [DE-21-1] seeks to supersede its original complaint [DE-1-2], as discussed further below. "[A]ny 'motions directed at the superseded pleading are [generally] to be denied as moot.'" *Adams v. Bailey*, No. 5:23-CV-535-BO, 2024 WL 2326386, at *1 (E.D.N.C. May 22, 2024) (second alteration in original) (quoting *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, No. 3:10-cv-418-RJC-DSC, 2011 WL 4014315, at * 1 (W.D.N.C. June 21, 2011)). Certain arguments in defendant's motion to dismiss [DE-14] are now moot in light of the proposed amended complaint. *See Costabile v. Fogleman*, No. 7:21-CV-155-BO, 2022 WL 3354768, at *1 (E.D.N.C. Aug. 12, 2022) (denying motion to dismiss an initial complaint as moot in light of superseding amended complaint); *Robbins v. Altopa, Inc.*, No. 5:21-CV-482-BO, 2022 WL 3354767, at *1 (E.D.N.C. Aug. 12, 2022)

3

(same); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (same).

Defendant does not allege in its response in opposition to motion to amend that plaintiff's motion to amend is prejudicial to defendant or was entered in bad faith. *See generally* [DE-25]. Accordingly, the undersigned will not consider such arguments further. Defendant does not oppose plaintiff's motion to amend regarding plaintiff's claims for (1) breach of contract and (2) breach of implied covenant of good faith and fair dealing in the proposed amended complaint. [DE-25] at 1. Accordingly, the undersigned will only discuss these two claims as relevant in the analysis of the remaining claims.

Defendant argues in its response to plaintiff's motion to amend that the remaining claims in plaintiff's proposed amended complaint are futile, specifically because they would not survive a renewed motion to dismiss under Rule 12(b)(6). [DE-25] at 1. Accordingly, the undersigned will consider arguments raised in defendant's motion to dismiss [DE-14] and plaintiff's responses to such arguments [DE-18], as relevant,[2] in the context of the court's analysis of plaintiff's motion for leave to amend complaint [DE-21] and defendant's response in opposition thereto [DE-25], as discussed further below.

## B. Proposed Amended Complaint – Legal Claims and Allegations

As noted above, in its proposed amended complaint, plaintiff brings claims under North Carolina state law for: (1) breach of contract (Prop. Amend. Compl. [DE-21-1] at 10); (2) unjust enrichment (in the alternative) (*id.* at 11); (3) breach of the implied covenant of good faith and fair

---

[2] The undersigned notes that because plaintiff's claim for recovery of attorneys' fee in the proposed amended complaint was not included in its original complaint (*see* [DE-21-2] at 14-15), it was also not addressed in defendant's motion to dismiss or plaintiff's response in opposition thereto (*see generally* [DE-14], [DE-15], [DE-18]). Any arguments with respect to this new claim, therefore, come solely from defendant's response in opposition to plaintiff's motion to amend. *See* [DE-25] at 14.

4

dealing (*id.*); (4) recovery of attorneys' fees pursuant to, *inter alia*, N.C. Gen. Stat. § 6-21.2 (*id.* at 12); (5) unfair and deceptive trade practices (*id.* at 13); (6) declaratory judgment (*id.* at 14); and (7) misappropriation – injunction (*id.*).[3]  In sum, plaintiff makes the following allegations:

Plaintiff and defendant entered an agreement (the "Purchase Agreement") containing an addendum (the "Addendum," and together with the Purchase Agreement, the "Sale Documents") for the sale and purchase of certain tracts of real property (the "Property") for approximately $3,750,000.  Prop. Amend. Compl. [DE-21-1] ¶¶ 6-7, 9.  Pursuant to the Addendum, an escrow agent deducted $150,000.00 from the sales proceeds of the Property and deposited this money into a trust (the "Escrow Funds").  *Id.* ¶ 7.  The Escrow Funds were to be provided to defendant:

> upon [defendant's] discovery of any structural deficiencies rendering any portion of the units uninhabitable or otherwise in a non-rentable condition, termite or pest infestation, violations of any law, ordinance, or regulation and/or the presence of Hazardous Substances upon the Property (or any other material warranty breach by [plaintiff]) in connection with [defendant's] or any lender's tests, reports, studies and/or environmental site assessments of the Property.

Exhibit B to Prop. Amend. Compl., Addendum, [DE-21-1] at 35 ¶ 4(e); *see also* Prop. Amend. Compl. [DE-21-1] ¶ 8.

The Addendum requires defendant to arrange for the completion of certain third-party reports to include an environmental assessment, a property condition assessment, termite and pest inspections, and a survey and zoning report ("Third-Party Reports").  Addendum [DE-21-1] at 35 ¶ 4(e).  Plaintiff alleges that "[d]efendant knew at the time of Closing that [p]laintiff's only responsibility with regard to maintenance during Escrow and up until Closing was to maintain the

---

[3] The undersigned notes that plaintiff's claims for breach of the implied covenant of good faith and fair dealing and for recovery of attorneys' fees pursuant to, *inter alia*, N.C. Gen. Stat. § 6-21.2 are new claims compared to the original complaint, while the claims for breach of contract; unjust enrichment (in the alternative); unfair and deceptive trade practices; declaratory judgment; and misappropriation–injunction represent amended versions of claims already present in the original complaint.  *See generally* [DE-21-2].

Property in its present condition, ordinary wear and tear excepted." Prop. Amend. Compl. [DE-21-1] ¶ 27.

The parties also entered a separate agreement ("Management Agreement") pursuant to which plaintiff would continue to manage the day-to-day affairs of the Property in exchange for payment of 5% of gross receipts. Prop. Amend. Compl. [DE-21-1] ¶ 11.

The closing on the Property ("Closing"), including the execution of the Sale Documents, as well as the execution of the Management Agreement occurred on December 31, 2021. *Id.* ¶ 9. The North Carolina General Warranty Deed for the Property was recorded in the Office of the Register of Deeds for Robeson County on or about January 5, 2022. *Id.* Plaintiff contends that "defendant insisted upon an expedited Closing[, allegedly on December 31, 2021,] in order to take advantage of certain tax benefits related to the sale," but that "[o]n information and belief [d]efendant's true intent and reason for insisting on an expedited closing date and Escrowed Funds was [in bad faith] to obtain and keep the Escrowed Funds regardless of the results of the Third Party Report's conclusions." *Id.* ¶¶ 13-15.

Plaintiff claims that "[f]ollowing the delivery of the Third Party Report, [plaintiff] did demand that [d]efendant release of the Escrow Funds to [p]laintiff based upon [plaintiff] resolving all contingencies in [p]laintiff's favor, but [defendant] refused and continues to refuse to consent to the release of the same to [plaintiff] in violation of the Sale Documents." *Id.* ¶ 16. Plaintiff contends that "[t]he Third Party Report confirms that the Property is in overall good to fair condition with a Remaining Useful Life of the Property of not less than 40 years and does not reveal any structural deficiencies or the presence of Hazardous Substances on the Property." *Id.* ¶ 43. Plaintiff alleges that, "[d]efendant seeks application of the Escrow Funds to menial expenses

allegedly incurred by [defendant] in connection with the Property since Closing." *Id.* ¶ 16. Additionally, plaintiff asserts that "[p]laintiff and [d]efendant agreed that [p]laintiff was entitled to those rental payments due from tenants residing in residences located in and about the Property for that time period preceding the date of closing which remained outstanding at the time of closing which amount totaled $5,840.00." *Id.* ¶ 19. Plaintiff claims that on "February 25, 2022, [d]efendant attempted to make his payment of rents due contingent upon [p]laintiff securing certain legal documentation from tenants, which was not required under the Sale Documents or otherwise." *Id.* ¶ 48. As of the date of plaintiff's motion for leave to amend complaint, plaintiff had allegedly "only received $4,650.00 from [d]efendant, leaving a balance of $1,190.00 due and owing to [p]laintiff." *Id.* ¶ 22.

Plaintiff further contends that it "has only been partially compensated for management services provided pursuant to the Management Agreement." *Id.* ¶ 53. Plaintiff claims that it provided "notice of its intent to cease its management responsibilities under the Management Agreement," but continued to manage the Property well into March 2022 without compensation by defendant, because defendant had not provided plaintiff with the information necessary to transfer management responsibility to a new management company. *See id.* ¶¶ 51-52.

Finally, plaintiff alleges that, "in or about October 2022 and on at least six different occasions, [d]efendant filed public documents in the Robeson County Courts to summarily eject certain tenants from the Property, and[,] without any knowledge, permission or consent of [p]laintiff, used [p]laintiff's business name as the complainant in those documents." *Id.* ¶ 63. Plaintiff further claims that "[d]emand has been made upon the [d]efendant to cease and desist from doing so, but [d]efendant has unlawfully failed and refused to do so." *Id.* ¶ 66.

7

**C.      Relief requested**

Plaintiff seeks various forms of monetary and other relief. Specifically, plaintiff requests: (i) a declaratory judgment declaring that plaintiff has fulfilled all obligations under the Sale Documents and that plaintiff is entitled to the $150,000.00 of Escrow Funds being held in trust by the Escrow Agent; (ii) a court order directing the Escrow Agent to release the Escrow Funds to the plaintiff in the amount of $150,000.00; (iii) $1,190.00 from defendant for the non-payment of outstanding rents; (iv) a preliminary injunction and a permanent injunction enjoining defendant from utilizing plaintiff's name to commence, prosecute or defend any evictions proceedings; (v) damages under N.C. Gen. Stat. §75-1.1, *et seq.*; (vi) treble damages under N.C. Gen. Stat. §75.1-16; (vii) attorneys' fees pursuant to N.C. Gen. Stat.§§ 75-16.1; 6-21.2; and/or as a prevailing party under the terms of the Sale Documents; (viii) pre-judgment and post-judgment interest; and (ix) that costs of this action, including attorneys' fees, be taxed against the defendant. *See id.* at 16-17.

## II.  APPLICABLE LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend "should [be] freely [given] when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77(4th Cir. 2001)). "[D]istrict courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988

F.3d 743, 750 (4th Cir. 2021).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id.; see also SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 425 (4th Cir. 2015) ("[I]t is not our task at the motion-to-dismiss stage to determine 'whether a lawful alternative explanation appear[s] more likely' from the facts of the complaint." (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)) (alteration in original)), *as amended on reh'g in part* (Oct. 29, 2015).

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations

9

of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (noting that the court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Edwards*, 178 F.3d at 244. However, bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 556 U.S. at 680-81.

## III. ANALYSIS

As noted above, defendant does not oppose plaintiff's motion to amend regarding (1) the claim for breach of contract or (2) the addition of a claim for breach of implied covenant of good faith and fair dealing in the proposed amended complaint. [DE-25] at 1. Accordingly, the undersigned RECOMMENDS that defendant's motion to dismiss [DE-14] with respect to plaintiff's breach of contract claim be DENIED AS MOOT. Additionally, as noted above, defendant does not oppose plaintiff's removal of its conversion claim in its proposed amended complaint. *See* [DE-25] at 1; [DE-21-2] at 13. Accordingly, the undersigned RECOMMENDS that plaintiff's motion to amend complaint with respect to the removal of its conversion claim be GRANTED, and that plaintiff's conversion claim be DISMISSED.

As further noted above, defendant seeks to dismiss or oppose plaintiff's motion to amend with respect to plaintiff's state law claims for "(1) unjust enrichment, (2) recovery of attorneys' fees, (3) unfair and deceptive trade practices, (4) declaratory judgment, and (5) misappropriation (and injunction) because these claims are [allegedly] futile, as they would not survive a motion to

dismiss under Rule 12(b)(6)." [DE-25] at 11. In evaluating futility, a court may consider "whether the proposed amended complaint would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *McCormick v. Graham*, No. 5:22-CT-03020-M, 2023 WL 8190145, at *3 (E.D.N.C. Nov. 27, 2023) (citing *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021)). Accordingly, the undersigned will consider each claim under this standard.

"Sitting in diversity, this court must predict how the Supreme Court of North Carolina would rule on any disputed state law issues." *Colorado Bankers Life Ins. Co. v. Acad. Fin. Assets, LLC*, No. 5:23-CV-181-D, 2023 WL 3996602, at *3 (E.D.N.C. June 14, 2023) (citing *Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C.*, 433 F.3d 365, 369 (4th Cir. 2005)). However, when considering plaintiff's request for declaratory relief, this court will apply the Declaratory Judgment Act, 28 U.S. Code § 2201, which is the procedural mechanism by which a federal court may provide declaratory relief for cases that are otherwise properly under its jurisdiction. 28 U.S. Code § 2201(a); *see also Capitol Broad. Co., Inc. v. City of Raleigh, N. Carolina*, 104 F.4th 536, 540 (4th Cir. 2024) ("The Supreme Court has recognized that 'the operation of the Declaratory Judgment Act is procedural only.'" (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937))).

A. **Unjust Enrichment (in the Alternative)**

Plaintiff seeks to bring an unjust enrichment claim in the alternative to its breach of contract claim. Prop. Amend. Compl. [DE-21-1] ¶¶ 75–81. Defendant argues that "[p]laintiff's unjust enrichment claim is futile because it is based solely on the existence of express contracts and is thus barred under North Carolina law." Resp. in Opp. to Mot. to Amend [DE-25] at 11.

In its response in opposition to defendant's motion to dismiss, plaintiff notes that it claims

unjust enrichment in the alternative, in the event that "[d]efendant seeks to unravel the parties' agreements" or this court "determine[s] that the Purchase Agreement, Addendum, and/or other verbal or written agreement(s) between the parties are unenforceable in whole or in part." Resp. in Opp. to Mot. to Dismiss [DE-18] at 5. The Federal Rules of Civil Procedure and the North Carolina Rules of Civil Procedure each allow pleading in the alternative. Fed. R. Civ. Proc. 8(d)(2)-(3); N.C. R. Civ. Proc. 8(e)(2). Specifically, "[i]n actions alleging breach of contract, plaintiffs may also plead unjust enrichment 'in the alternative.'" *Jessey Sports, LLC v. Intercollegiate Men's Lacrosse Coaches Ass'n, Inc.*, 172, 888 S.E.2d 677, 682 (N.C. App. 2023) (quoting *James River Equip., Inc. v. Mecklenburg Utils., Inc.*, 634 S.E.2d 557, 560 (N.C. App. 2006)).

Here, plaintiff expressly brings its unjust enrichment claim in the alternative. Prop. Amend. Compl. [DE-21-1] ¶ 75. Accordingly, the undersigned RECOMMENDS that the court DENY defendant's motion to dismiss [DE-14] with respect to plaintiff's unjust enrichment claim and allow such claim ([DE-21-1] ¶¶ 75–81), as amended, to PROCEED.

**B.     Recovery of Attorneys' Fees**

Here, plaintiff brings a claim for "Recovery of Attorneys' Fees pursuant to, *inter alia*, N.C. Gen. Stat. § 6-21.2." [DE-21-1] ¶¶ 86–92. Defendant contends that "[p]laintiff's claim for recovery of attorneys' fees is futile because it is improperly pled as a freestanding cause of action." Resp. in Opp. to Mot. to Amend [DE-25] at 14.

While N.C. Gen. Stat. § 6-21.2 provides for the enforceability of obligations to pay attorneys' fees upon notes, conditional sale contracts and other evidence of indebtedness, it does not create an independent cause of action. *See Kapur v. IMW EMR, LLC*, No. 20 CVS 5753, 2020

12

WL 7480541, at *12 (N.C. Super. Dec. 18, 2020) (noting that attorneys' fees pursuant to N.C.G.S. § 6-21 are not an independent cause of action). Here, while plaintiff is entitled to seek any legally available form of relief with respect to its claims, including attorneys' fees, as appropriate, defendant is correct that this does not constitute an independent cause of action.

Accordingly, the undersigned RECOMMENDS that the court DENY plaintiff's motion to amend with respect to its attorneys' fees as an independent cause of action ([DE-21-1] ¶¶ 86–92).[4] However, for the avoidance of doubt, plaintiff is entitled to seek any legally available form of relief with respect to any viable claims, including attorneys' fees, as appropriate.

## C.    Unfair and Deceptive Trade Practices

With respect to its claim for unfair and deceptive trade practices *(id.* ¶¶ 93–97), plaintiff expressly re-alleges and incorporates all the allegations contained in the preceding paragraphs of the proposed amended complaint (*id.* ¶ 93). Plaintiff then alleges that "[d]efendant's actions as alleged hereinabove were misleading, deceptive, untruthful, and/or designed to deceive [p]laintiff related to the Sale Documents and the Parties' agreements." *Id.* ¶ 95. Plaintiff claims that it "has been harmed by the unfair and deceptive conduct of defendant, as alleged hereinabove, in an amount in excess of $25,000.00." *Id.* ¶ 96.

While plaintiff's proposed amended complaint is sparse on explanation as to which facts are intended to support a claim for unfair and deceptive trade practices, its factual allegations describe two incidents that appear to be the subject matter of its unfair and deceptive trade practices claim. First, plaintiff alleges that the defendant's insistence upon an expedited closing on

---

[4] As plaintiff's claim for recovery of attorneys' fees was not included in the original complaint and the undersigned recommends that leave to amend with respect to such claim be denied, it does not separately require dismissal.

December 31, 2021, in order to take advantage of certain tax benefits related to the sale was disingenuous, because "[d]efendant's true intent and reason for insisting on an expedited closing date and Escrowed Funds was to obtain and keep the Escrowed Funds regardless of the results of the Third Party Report's conclusions." *Id.* ¶ 13-14.

Second, in its proposed amended complaint, plaintiff expressly alleges that "[b]eginning in or about October 2022 and on at least six different occasions, [d]efendant filed public documents in the Robeson County Courts to summarily eject certain tenants from the Property, and[,] without any knowledge, permission or consent of [p]laintiff, used [p]laintiff's business name as the complainant in those documents." *Id.* ¶ 63. Plaintiff additionally claims that "[d]efendant's use of [p]laintiff's name was intentional, and designed to mislead tenants, the Court, and the public." *Id.* ¶ 65. As noted above, plaintiff claims that it "has been harmed by the unfair and deceptive conduct of defendant, as alleged hereinabove, in an amount in excess of $25,000.00." *Id.* ¶ 96. Elsewhere in its proposed amended complaint, plaintiff alleges that the misleading and unauthorized use of plaintiff's name in court filings "harm[s] [p]laintiff's reputation in its business, the community, with the Court, and with its tenants, and expos[es] [p]laintiff to continuing liability for, *inter alia*, any damages awarded against the [d]efendant while utilizing [p]laintiff's name." *Id.* ¶ 103.

In response, defendant contends that "[p]laintiff's unfair and deceptive trade practices is futile because [p]laintiff has failed to allege any aggravating circumstances constituting an unfair or deceptive trade practice beyond mere breach of contract." Resp. in Opp. to Mot. to Amend [DE-25] at 14.

"To establish a *prima facie* case of unfair and deceptive trade practices, a plaintiff must

demonstrate the following: (1) the defendant committed an unfair or deceptive trade practice; (2) the action in question was in or affecting commerce; and (3) the act proximately caused injury to the plaintiff." *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 280 (4th Cir. 2012) (citing *Spartan Leasing v. Pollard*, 400 S.E.2d 476, 482 (N.C. App. 1991)).[5] "'A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers' . . . [while a] practice is deceptive if it has the capacity or tendency to deceive.'" *Walker v. Fleetwood Homes of N. Carolina, Inc.*, 653 S.E.2d 393, 399 (N.C. 2007) (quoting *Marshall v. Miller*, 276 S.E.2d 397, 403 (N.C. 1981)).

With respect to the first scenario described above, defendant is insofar correct that "breach of express and implied warranties *alone* do not constitute a violation" of the unfair or deceptive trade practices statute. *Coble v. Richardson Corp. of Greensboro*, 322 S.E.2d 817, 824 (N.C. App. 1984) (emphasis added). However, fraudulent or deceptive conduct in the context of a breach of contract can constitute an unfair and deceptive trade practices claim. *See Mosley & Mosley Builders, Inc. v. Landin Ltd.*, 389 S.E.2d 576, 580 (N.C. App. 1990).

As alleged here, misstating the true reason for a closing in an attempt to "obtain and keep

---

[5] In its reply to plaintiff's response in opposition to its motion to dismiss, defendant notes that the unfair and deceptive trade practices statute, as construed by case law, gives a business a cause of action against another business only where:

> 1) the plaintiff-business is in the marketplace acting as a consumer or is otherwise engaged in commercial dealing with defendant, . . . [2] the businesses are competitors, . . . , or 3) the conduct giving rise to the cause of action has a negative effect on the consuming public.

Reply [DE-15] quoting *Exclaim Mktg., LLC*, 134 F. Supp. 3d at 1020 (internal quotation marks omitted).

With respect to plaintiff's allegation of the circumstances surrounding the expedited closing, the undersigned finds that the parties were engaged in a commercial dealing by virtue of the ongoing real estate transaction. As to plaintiff's allegation of defendant's using plaintiff's business name to summary evict tenants, the undersigned finds that, accepted as true, the misleading information about the identity of a party initiating ejection proceedings has a negative effect on the consuming public. The undersigned does not find defendant's arguments persuasive on this point.

15

the Escrowed Funds regardless of the results of the Third Party Report's conclusions" ([D.E. 21-1] ¶ 14) sufficiently alleges a deceptive trade practice to survive a motion to dismiss review. The undersigned specifically notes in this instance that "it is not our task at the motion-to-dismiss stage to determine 'whether a lawful alternative explanation appear[s] more likely' from the facts of the complaint." *See SD3, LLC*, 801 F.3d at 425 (alteration in original) (citations omitted). Additionally, the events surrounding the Escrowed Funds in the context of a commercial real estate transaction were therefore in or affecting commerce. Finally, plaintiff has alleged that it is being deprived of Escrow Funds that rightfully belong to it, and has therefore sufficiently alleged that defendant's actions in this scenario proximately caused it harm.

With respect to the second scenario, defendant's alleged use of plaintiff's business name when it was not entitled to do so sufficiently alleges a deceptive act. Additionally, the eviction of tenants is an action in or affecting commerce. *Cf. Stanley v. Moore*, 454 S.E.2d 225, 228 (N.C. 1995) ("In 1977, the Court of Appeals held that a landlord's trespass upon the leased premises, eviction of the tenant without resort to judicial process, and conversion of the tenant's personal property constituted unfair or deceptive acts or practices in commerce within the meaning of N.C.G.S. § 75–1.1.") (citation omitted).

As to whether either of the alleged acts proximately caused injury to plaintiff, defendant cites *Precision Links Inc. v. USA Prod. Grp., Inc*., which held that "speculative allegations of possible harm in the future are simply insufficient to establish the actual injury necessary to support a claim under the UDTPA." *See* [DE-19] at 7-8 (citing *Precision Links* No. CIV. 3:08CV576, 2009 WL 801781, at *3 (W.D.N.C. Mar. 25, 2009)). Defendant argues that because plaintiff's allegations of harm are all future related, they are insufficient to support an unfair and deceptive

16

trade practices claim. However, this case in inapposite. In *Precision Links*, the plaintiff alleged that the defendant "committed unfair and deceptive trade practices by manufacturing [straps identical to those manufactured by plaintiff] or by having them manufactured of a cheap and inferior material" and that the "increased risk of damage to its goodwill and exposure to litigation has injured its business." *Precision Links Inc.*, 2009 WL 801781, at *2-3 (internal quotation marks omitted). Here, plaintiff alleges, albeit in a different section of its complaint, that "[t]he use of [p]laintiff's name as part of [d]efendant's commercial enterprise, in direct contact with [p]laintiff's former tenants, and the possible entry of a judgment against the [p]laintiff as result of the [d]efendant's wrongful action *have been* and *continue to be* deleterious to the [p]laintiff's business reputation." Prop. Amend. Compl. [DE-21-1] ¶ 104 (emphasis added). While plaintiff's claim of a "possible entry of a judgment" is future related, the undersigned finds that, based on plaintiff's other allegations involving current harms to its business reputation, plaintiff has sufficiently alleged current harm to survive a motion to dismiss standard of review.

Accordingly, viewing the allegations in the light most favorable to the plaintiff, *see Venkatraman*, 417 F.3d at 420, the undersigned finds that plaintiff has adequately alleged a claim for unfair and deceptive trade practices under North Carolina law and RECOMMENDS that the court DENY defendant's motion to dismiss [DE-14] with respect to such claim and that such claim, as amended, be allowed to PROCEED.

## D.    Declaratory Judgment

Plaintiff requests a declaratory judgment that it "has satisfied all conditions precedent under the Sale Documents, that [d]efendant is not entitled to any of the Escrowed Funds, and to direct the Escrow Agent to release the Escrowed Funds to [p]laintiff without delay." Prop. Amend.

17

Compl. [DE-21-1] ¶ 100. Defendant contends that "[p]laintiff's request for declaratory judgment should be dismissed because it is duplicative of [p]laintiff's breach of contract claim." Resp. in Opp. to Mot. to Amend [DE-25] at 17.

"In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S. Code § 2201(a). However, "the Declaratory Judgment Act 'does not impose a mandatory obligation upon the federal courts to make such declarations of rights [but rather affirms that] a district court's decision to entertain a claim for declaratory relief is discretionary.'" *Moses H. Cone Mem'l Hosp. Operating Corp. v. Springfield Serv. Corp.*, No. 1:13CV651, 2014 WL 12935967, at *2 (M.D.N.C. July 18, 2014) (quoting *Aetna Cas. & Sur. Co. v. Ind-Com Electric Co.*, 139 F.3d 419, 421 (4th Cir. 1998)), *rep. and recomm. Adopted*, No. 1:13CV651, 2014 WL 12935968 (M.D.N.C. Sept. 11, 2014).

"[A] district court is obliged to rule on the merits of a declaratory judgment action when declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594 (4th Cir. 2004) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)). "[C]ourts have repeatedly recognized that '[a] declaratory judgment serves no useful purpose when it seeks only to adjudicate an already-existing breach of contract claim.'" *Metra Indus., Inc. v. Rivanna Water & Sewer Auth.*, No. 3:12CV00049, 2014 WL 652253, at *2 (W.D. Va. Feb. 19, 2014) (internal citations omitted).

18

Here, the undersigned finds that all relevant substantive issues raised in plaintiff's request for declaratory judgment will be addressed when adjudicating plaintiff's breach of contract claim. In its breach of contract claim, plaintiff expressly alleges that it "has satisfied all conditions precedent pertaining to the Sale Documents and is and has been entitled to the distribution of the amount of $150,000.00 from the Escrow Agent." Prop. Amend. Compl. [DE-21-1] ¶ 70. Similarly, plaintiff alleges in its breach of contract claim that "[d]efendant breached the Sale Documents [when] the [d]efendant failed and refused to consent to the distribution to the [p]laintiff of the amount of $150,000.00 being held by the Escrow Agent without legal justification." *Id.* ¶ 71.

The undersigned does not find that the application of this court's discretion to adjudicate plaintiff's request for declaratory judgment "'will serve a useful purpose in clarifying and settling the legal relations in issue,' and 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Volvo Const. Equip. N. Am., Inc,* 386 F.3d at 594 (quoting *Aetna Cas. & Sur. Co.*, 92 F.2d at 325). Accordingly, the undersigned RECOMMENDS that the court GRANT defendant's motion to dismiss [DE-14] with respect to plaintiff's declaratory judgment claim; DENY plaintiff's amended claim for declaratory judgment; and DISMISS such claim.

### E. Misappropriation–Injunction

In plaintiff's claim labeled "Misappropriation–Injunction," it seeks a "preliminary injunction enjoining [d]efendant from utilizing the [p]laintiff's name to evict any tenants connected in any way with the Property as well as to prosecute or to defend any court action in the [p]laintiff's name." Prop. Amend. Compl. [DE-21-1] ¶ 107. Defendant argues that "[p]laintiff's

19

misappropriation claim is futile because it is improperly asserted by a corporate, rather than individual, [p]laintiff." Resp. in Opp. to Mot. to Amend [DE-25] at 19.

"To plead a *prima facie* claim for misappropriation of name or likeness, a plaintiff must allege: (1) an unauthorized use of plaintiff's name or likeness by defendant (2) in connection with an "advertisement or other commercial enterprise." *RE Carroll Mgmt. Co. v. Dun & Bradstreet, Inc.*, No. 1:23-CV-483, 2023 WL 9169727, at *4 (M.D.N.C. Dec. 12, 2023) (citing *Flake v. Greensboro News Co.*, 195 S.E. 55, 64 (N.C. 1938)). A federal court in this circuit has noted that "the few reported cases in which North Carolina courts have examined misappropriation of name claims all involve natural person plaintiffs." *Id.* (citing cases). That court dismissed the misappropriation of name claim brought by plaintiffs, which were corporations or LLCs. As the plaintiff in this case has similarly not pointed to any authority indicating that such a claim may be brought on behalf of an LLC, the undersigned finds that a misappropriation of name claim would fail to state a claim upon which relief can be granted.

Plaintiff cites *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1995), in support of the proposition that "misnaming a cause of action is not a basis to dismiss it under Fed. R. Civ. P. 12(b)(6)." [DE-22] at 7. The Supreme Court noted that "federal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) (per curiam). Similarly, the Fourth Circuit has held that "[p]laintiffs need not put a claim under a special heading, quote the statute, or use magic words to make out a claim." *Stanton v. Elliott*, 25 F.4th 227, 238 (4th Cir. 2022); *see also Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (noting that the court "must not dismiss the complaint unless it appears to a

certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.") (internal quotation marks and citations omitted). Rather, Federal Rule of Civil Procedure 8 only requires that "the opposing party [be given] fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Burlington Indus. v. Milliken & Co.*, 690 F.2d 380, 390 (4th Cir. 1982) (citations omitted).

Here, the facts cited by plaintiff in support of its misappropriation–injunction claim appear to be the same facts that the court has construed in support of plaintiff's unfair and deceptive trade practices claim above. Accordingly, while the undersigned does not find that the facts alleged support a claim for misappropriation of name, they do sufficiently support a claim for unfair and deceptive trade practices.

However, "a preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Hughes Network Sys., Inc. v. InterDigital Communications Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (alteration in original) (quoting *Federal Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir. 1981)). In order to obtain a preliminary injunction, parties must "demonstrate that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm, (3) the balance of hardships tips in their favor, and (4) the injunction is in the public interest." *Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), *abrogated on other grounds*).

Here, the undersigned need look no further than the first element. While pleadings only require that a claim be plausible, *see Iqbal*, 556 U.S. at 678, to obtain a preliminary injunction

plaintiff must show that it is likely to succeed on the merits. *Pashby*, 709 F.3d at 320. As plaintiff has failed to state a claim for misappropriation–injunction, it consequently failed to articulate a compelling legal basis for why it is likely to succeed on the merits of such a claim.

Accordingly, the undersigned RECOMMENDS that plaintiff's motion to amend with respect to the misappropriation–injunction claim be DENIED, and this claim be DISMISSED WITHOUT PREJUDICE. For the avoidance of doubt, plaintiff retains the right to file a fully briefed motion for preliminary injunction with respect to any appropriate claim in accordance with the applicable rules and law. *See* Fed. R. Civ. P. 65.

## IV. CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS that (i) plaintiff's motion to amend complaint [DE-21] be GRANTED IN PART and DENIED IN PART; (ii) defendant's motion to dismiss [DE-14] be GRANTED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART; and (iii), consistent with the recommendations above, the court enter an order providing as follows:

1.  Plaintiff's motion for leave to amend complaint [DE-21] is GRANTED IN PART and DENIED IN PART, specifically:

    a.  Plaintiff is GRANTED leave to file the amended complaint removing the claim of conversion, and including the claims for: (i) breach of contract; (ii) unjust enrichment (in the alternative); (iii) breach of the implied covenant of good faith and fair dealing; and (iv) unfair and deceptive trade practices.

    b.  Plaintiff's motion to amend is DENIED as to: (i) its claim for recovery of attorney's fees, and (ii) declaratory judgment.

    c.  Plaintiff's motion to amend is DENIED WITHOUT PREJUDICE as to the claim for misappropriation–injunction.

2.  Defendant's motion to dismiss [DE-14] is GRANTED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART, specifically:

a.  As defendant does not oppose plaintiff's (i) amendment of its claims for breach of contract, or (ii) removal of its conversion claim, defendant's motion is DENIED AS MOOT regarding the same.

b.  Defendant's motion is DENIED as to plaintiff's claims for (i) unjust enrichment (in the alternative), and (ii) unfair and deceptive trade practices.

c.  Defendant's motion is GRANTED, in that plaintiff's claim for (i) declaratory judgment is DISMISSED, and (ii) injunction is DISMISSED WITHOUT PREJUDICE.

3.  Within 14 days from the date of entry of the court's order, the parties shall confer regarding further scheduling and discovery matters, and shall file a joint status report, or revised Rule 26(f) report, advising the court of the parties' position(s) with regard to the same.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the respective parties or, if represented, their counsel. Each party shall have until **August 22, 2024**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules); 72.4(b), E.D.N.C. Any response to objections shall be filed by **the earlier of 14 days from the filing of the objections or August 31, 2024**.

If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without

23

such review.  In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.  *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, this 8th day of August, 2024.

Brian S. Meyers
United States Magistrate Judge